THE HONORABLE TIMOTHY W. DORE
Hearing Date: March 23, 2018
Hearing Time: 9:30 am
Hearing Location: Seattle
Response Date: March 16, 2018
Chapter 11

THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Case No. 17−14983 |
| SUNSHINE SEATTLE ENTERPRISES, LLC, | MOTION TO APPROVE SALE OF BUSINESS |
| Debtor-in-Possession. | |

COMES NOW Sunshine Seattle Enterprises, LLC, the Debtor-in-Possession herein, by and through its attorneys of record, Wells and Jarvis, P.S., and moves the court for entry of an order approving the sale of its restaurant business, Henry's Taiwan Kitchen.

## I.      Background

Debtor operates its restaurant at 4106 Brooklyn Avenue, Suite 102B, in the University District of Seattle, Washington.

The first version of Henry's Taiwan Kitchen was opened in 2000 in Seattle, with a simple décor and emphasis on authentic and delicious Taiwanese cuisine. Subsequently, locations were opened in Bellevue, Washington and Seattle's International District. These locations, which have since closed, were owned and operated by a different entity.

In 2013, the Debtor was formed, and it opened and operated the present location of Henry's Taiwan Kitchen in the University District. Another location was opened around the same time at Arizona State University in Tempe. That location was operated by a different

MOTION TO APPROVE SALE OF BUSINESS - 1

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

entity and has since closed.

Unfortunately, a few years into operation of the University District restaurant, a dispute arose between the two individual owners of the Debtor. The Debtor is owned by Henry's Taiwan Restaurant Group, LLC. That company is in turn owned 50% by 15W Kitchen, LLC, and 50% by JZX118, LLC. 15W Kitchen, LLC, is owned 100% by Henry Ku. JZX118, LLC, is owned 100% by Xuanxuan Cao, although it is her son, Zaozao "Jonathan" Zhang, who was actually participating in the operation of the restaurant (through a power of attorney that he holds for his mother as the other nominal owner). The dispute in management between Mr. Zhang and Mr. Ku appears to have intensified toward the end of 2016 and into 2017.

A review of the 2016 partnership tax return of Henry's Taiwan Restaurant Group, LLC, indicates a healthy business which generated that year $136,250 in net income after expenses. However, excessive draws by the individual owners of $212,311 crippled the business and depleted the cash reserves that had previously existed, reducing them from a starting balance of $56,919 at the beginning of 2016, to a mere $7,376 by the end of 2016. These withdrawals by the owners resulted in the company falling behind on bills, necessitating the filing of the involuntary Chapter 11 petition. The Debtor believes these excessive draws violated R.C.W. 25.15.231(2), which if true, would make the equity holders personally liable to creditors of the debtor under R.C.W. 25.15.236. The LLC presumably holds claims against both Henry Ku and Jonathan Zhang to the extent that they received distributions ahead of unpaid creditors.

The current lease would have expired on February 28, 2018, but the current manager, Henry Ku, obtained a one-month extension of that lease. Jonathan Zhang previously indicated in July, 2017 that he was unwilling to personally guarantee a renewal of the lease. Both owners of the business had to personally guarantee the current lease. Without both guarantees, the

MOTION TO APPROVE SALE OF BUSINESS - 2

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Debtor will not be able to renew the current lease. Henry Ku, however, has indicated a desire and willingness to operate the restaurant, but only if it's done through a new entity without any ownership involvement with his former co-owner Jonathan Zhang. The landlord has indicated he is willing to lease the current premises to Henry Ku under ten-year lease term, based on his personal guarantee of a new lease.

## II.　Proposed Sale Terms

Henry Ku's company Chef Ku, LLC, proposes to purchase Debtor's business for the sum equal to the amount necessary to pay all creditors in full with interest at the federal rate, which Debtor estimates totals approximately $176,899 (which includes the interest paid over time). The proposed purchase price would not generate any funds for the equity holders. The breakdown for this estimated purchase price is set forth below.

| List of Claims | Approximate Amount Owed |
| --- | --- |
| Henry Ku, secured claim (UCC filing) | $31,000 |
| IRS payroll taxes for 2017 | $11,767 |
| WA State Department of Revenue sales taxes for 2017 | $8,055 |
| Wells and Jarvis, P.S. estimated attorney fees | $25,000 |
| US Trustee statutory quarterly fees | $4,875 |
| Unpaid post-petition operating expenses | $53,202 |
| General unsecured claims | $43,000 |
| **Total:** | $176,899 |

The total purchase price referenced above would be paid by the buyer, Chef Ku, LLC, from proceeds of the continuing restaurant operations, in the form of monthly payments to creditors of the Debtor over a five-year period. Those payments would be distributed among the various classes of claims in a manner consistent with the Bankruptcy Code's priority structure. The monthly plan payments are a down payment of $10,000 and monthly payments of $2,706.59 over 5 years for a total payment of $172,395.40. Debtor will file a small business plan and disclosure statement which spell out these proposed payments in more detail.

MOTION TO APPROVE SALE OF BUSINESS - 3

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

However, should the proposed plan payments be insufficient to fully fund Debtor's confirmed plan, monthly payments of $2,706.59 shall continue until all obligations under Debtor's confirmed plan are satisfied. This motion will be set for hearing on March 23, 2018, so that the sale might be approved prior to the end of Debtor's lease on March 30, 2018. If the sale is approved, closing shall occur before the end of Debtor's lease on March 30, 2018. Debtor's Plan and Disclosure Statement shall be noted for plan approval on April 13, 2018, or such earlier date as might be specifically set.

The assets that are proposed to be transferred to the buyer as part of the sale are set forth below:

| Asset | Estimated Value |
|---|---|
| Monies in Debtor's bank account as of closing | $43,000 (based on the original Schedule B) |
| Rent deposit with landlord | $5,891 |
| Accounts receivable | $2,500 |
| Food inventory | $1,000 |
| Kitchen equipment | $4,000 |
| Cash register | $1,000 |
| Business' good will, phone number, website, existing advertising (the balance of the purchase price) | $119,508 |

The following do not belong to the Debtor and would therefore not be part of any sale of the Debtor's business: recipes of Henry Ku.

Attached hereto are the proposed purchase and sale agreement between the Debtor and Chef Ku (**Exhibit A**), a proposed note (**Exhibit B**), a security agreement (**Exhibit C**), and a UCC financing statement (**Exhibit D**).

### III.    Legal Basis to Approve Sale

Pursuant to 11 U.S.C. § 363(b)(1) (made applicable to this Chapter 11 proceeding by § 1107), the Debtor-in-Possession may sell property of the estate other than in the ordinary

MOTION TO APPROVE SALE OF BUSINESS - 4

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

course of business after notice and a hearing. A bankruptcy court can authorize the sale of substantially all of the assets of the estate upon a proper showing that the sale is in the best interests of the estate, that there is a sound business purpose for the sale, and that it was proposed in good faith. *See e.g. In re 240 N. Brand Partners, Ltd.*, 200 B.R. 653, 659 (9th Cir. B.A.P. 1996), *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal 1991); *In re Lionel*, 722 F.2d 1063, 1070 (2nd Cir. 1983).

Here, sound business judgment supports immediate sale of the restaurant so as to preserve its value as a going concern before the lease expires and the business loses its premises. Because the Debtor's other equity owner has not agreed to provide the personal guarantee required by the landlord, the Debtor cannot simply renew its current lease.

The sale agreement is not an arm-length transaction, insofar as the manager of the Debtor is Henry Ku and the manager of the buyer is Henry Ku. However, as set forth in this motion and the purchase agreement, the buyer Chef Ku, LLC will assume and be responsible for paying all of the obligations of Debtor's confirmed plan. Debtor presently does not have a confirmed plan, but will presumably set confirmation for April 13, 2018 or earlier if there is a special setting with the court. Creditors of the Debtor will not be prejudiced by the proposed plan, because they still retain all their rights under the plan confirmation process. In addition, the continued operation of the business by which creditors are to be paid will be assured by a new 10-year lease held by the buyer instead of the pending shuttering of the business at the end of March, 2018. By these terms the good faith of the Debtor and the buyer in negotiating the terms of the purchase agreement are amply demonstrated.

## IV.    Equity Owners

The Debtor will shortly file a plan and disclosure statement, which will propose no

MOTION TO APPROVE SALE OF BUSINESS - 5

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

payment to equity holders. Because the existing lease held by the Debtor will end March 31, 2018, Debtor believes the business has little to no value. The Debtor will not pursue any claims against Henry Ku or Jonathan Zhang at this time, since the sale will pay all creditors in full and there is no need to incur the attorney fees associated with pursuing those claims. However, these claims will be retained by the Debtor as additional security for the creditors in case there is any default by the buyer on the purchase of the restaurant.

## V.    Conclusion

If the proposed sale is not approved by the Court, the Debtor's business will presumably come to an end on March 31, 2018, when the lease with the one-month extension otherwise expires. If such an event were to occur, the liquidation of Debtor's assets would generate only a nominal sum.

The proposed sale however insures continued operation of the business, which will be supported by a 10-year lease. The sale does not circumvent the plan confirmation process since the total sale price will be determined by the total amount needed to be paid under Debtor's confirmed plan. All creditors will be paid in full, although the sale will provide no funds for the equity owners. The proposed sale should be approved.

Dated this 1st day of March, 2018.

_\_\_/s/ Jeffrey B. Wells \_\_\__
By: Jeffrey B. Wells, WSBA #6317
Wells and Jarvis, P.S.
Attorneys for Debtor

MOTION TO APPROVE SALE OF BUSINESS - 6

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086